PRESENT:  All the Justices

PHILIP B. BAYSDEN

v.  Record No. 011880     OPINION BY JUSTICE ELIZABETH B. LACY
                                      June 7, 2002
JAMES F. ROCHE, III


                FROM THE CIRCUIT COURT OF STAFFORD COUNTY
                        James W. Haley, Jr., Judge

     This case arises out of a claim Philip B. Baysden brought

against James F. Roche, III, for failure to repay a $50,000

loan that Baysden obtained for the purpose of advancing the

proceeds to Roche, pursuant to the parties' oral agreement.

The trial court granted Roche's motion to strike at the

conclusion of Baysden's case-in-chief.  We hold that, when

viewed in the light most favorable to Baysden, there was

sufficient evidence to raise an issue for the jury as to

whether the parties had entered into an oral agreement, and

that two check endorsements were evidence that the oral

agreement was performed, not writings setting forth partial

terms of a written contract.  Therefore, the trial court

improperly granted the motion to strike.

     Baysden filed a motion for judgment against Roche

alleging inter alia breach of an oral contract.  At trial

Baysden produced the following evidence.  Roche owned a

construction business called Embassy Homes, Inc. (Embassy

Homes).  Baysden worked as a real estate agent for Jack Baker

and Associates d/b/a Why USA and was assigned to work as a salesperson for Embassy Homes.  While serving in that capacity, Baysden spent five to six days a week in the Embassy Homes office and became friendly with Roche.  Roche had confided in Baysden that Embassy Homes was suffering from serious cash flow problems.  Roche invested a significant portion of his personal money in the business in an effort to save the project and could not qualify for any further loans.

Baysden testified that he made an oral agreement to lend $50,000 to Roche personally in order that Roche could, in turn, use the money to help Embassy Homes overcome its financial problems.  The terms of the oral agreement, according to Baysden, were that he would obtain a $50,000 loan and advance the money to Roche for use in Embassy Homes.  In exchange, Roche would make all principal and interest payments on the loan and he would pay Baysden $5,000 per year for each year that the loan was actually outstanding, up to four years.

Thomas M. Heck-Howard, a commercial loan officer at Central Fidelity Bank and mutual friend of Baysden and Roche, processed the loan.  The loan documents recited that Baysden's purpose in taking the loan was for a "business investment," but Baysden testified that the investment was not an investment in Embassy Homes.  Heck-Howard testified that when Baysden discussed obtaining the loan he said, "he was going to

2

give the money to [Roche] for the business."  Roche, Baysden, and Heck-Howard were all present when Baysden received the loan in the form of two $25,000 cashier's checks issued by Central Fidelity.  At Roche's request, Baysden endorsed the checks to Embassy Homes directly.

Eight interest payments were made on the loan before Embassy Homes and Roche and his wife declared bankruptcy.  At that point, Heck-Howard contacted Baysden and informed him that, as a result of the bankruptcy, "[Roche] and Embassy [Homes] were no longer making the payments and that [Baysden] would have to start making the payments himself."  Over the next four years, Baysden paid $50,000 in principal and $9,367.18 in interest to satisfy the loan.  In his motion for judgment, Baysden seeks recovery of these amounts from Roche.

In considering a motion to strike for failure to establish a prima facie case, the trial court was required to view the facts in the light most favorable to Baysden and to draw all fair inferences therefrom.  Hadeed v. Medic-24, Ltd., 237 Va. 277, 285-86, 377 S.E.2d 589, 593 (1989) (relying upon Walton v. Walton, 168 Va. 418, 423, 191 S.E. 768, 770 (1937)).  That same standard is applicable to our review of the decision of the trial court granting the motion to strike.  Washburn v. Klara, 263 Va. 586, 561 S.E.2d 682 (2002) (applying these principles on appellate review); see also Walton, 168 Va. at

3

423, 191 S.E. at 770. Applying that standard, we hold that Baysden's evidence established a prima facie case on his breach of contract claim. The evidence, taken in the light most favorable to Baysden with all reasonable inferences drawn in his favor, demonstrated that the parties had an oral contract, which Roche breached, and that Baysden was damaged by the breach.

The trial court granted the motion to strike on the premise that the cancelled checks were "documentary evidence of the loan." Applying the partial integration doctrine, the trial court concluded that Baysden's parol evidence that Roche and Baysden were the parties to the contract was inadmissible to vary the written terms of the contract which, according to the trial court, clearly and unambiguously indicated that the contract was between Baysden and Embassy Homes. This was error. The partial integration rule applies to instances in which part of the contract is written. Under that doctrine, parol evidence may be considered to show additional terms or the entire agreement, as long as those terms are not inconsistent with the written part of the contract. High Knob, Inc. v. Allen, 205 Va. 503, 506, 138 S.E.2d 49, 52 (1964). However, in this case Baysden did not allege a written contract or that the checks and endorsements at issue were part of a written contract. Rather, Baysden asserted the

4

contract was oral and that the checks and endorsements were simply evidence of the performance of the oral contract. Documentary evidence of the existence of a contract may be evidence that is separate and apart from the contract itself. In ruling on the motion to strike, the trial court was required to consider the evidence in the light most favorable to Baysden and, therefore, should have considered the checks and endorsements as evidence of the existence of a contract, not as the terms of the contract itself.

Accordingly, for the above reasons, we will reverse the judgment of the trial court and remand the case for further proceedings.

<u>Reversed and remanded.</u>